UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
Case Number: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE OF THE
M/V CARIBBEAN EXPRESS I PETITIONING
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY
_____/

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

The Verified[1] Complaint in Exoneration From or Limitation of Liability CARIBSHIP LLC, as owners, and SEACOR ISLAND LINES LLC, as operator / owners *pro hac vice*, (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq*., Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), alleges upon information and belief, as follows:

1. At all times material hereto, CARIBSHIP LLC, ("CARIBSHIP") was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the registered owner of the M/V CARIBBEAN EXPRESS I (sometimes referred to as "the Vessel").

---

[1] See Exhibit 1.

2. At all times material hereto, SEACOR ISLAND LINES LLC ("SEACOR"), was and is a limited liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I. SEACOR as owner *pro hac vice* has at all material times had the possession of and control of the M/V CARIBBEAN EXPRESS I. SEACOR dictates where and when the vessel sails. SEACOR mans the M/V CARIBBEAN EXPRESS I and provides for and oversees the navigation of the M/V CARIBBEAN EXPRESS. SEACOR provides for and oversees the maintenance and repairs for the hull and machinery of the M/V CARIBBEAN EXPRESS I to include the maintenance and repairs for communication and navigation equipment. SEACOR is also responsible for communicating with the registered owner of the M/V CARIBBEAN EXPRESS I and overseeing the commercial management of the M/V CARIBBEAN EXPRESS I. As such and for the reasons discussed further herein, SEACOR is an "owner" of the M/V CARIBBEAN EXPRESS I for purposes of the Limitation of Liability Act.

3. Before the occurrence of the incident described herein, the M/V CARIBBEAN EXPRESS I was a cargo vessel bearing IMO number 9233727, with a gross registered tonnage of 499 tons, and flagged under the laws of Panama.

4. Petitioners used due diligence at all times to make and maintain the M/V CARIBBEAN EXPRESS I in all aspects seaworthy, and prior to the incident described herein, the M/V CARIBBEAN EXPRESS I was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

5.   On February 26, 2022, shortly after 1830 local time, the M/V CARIBBEAN EXPRESS I departed from its berth at Port Everglades, Florida, heading outbound to carry cargo to Great Guana Cay in the Bahamas. At approximately 1847 local time on February 26, 2022, the M/V CARIBBEAN EXPRESS I collided with the M/Y SeaTrek in a narrow channel adjacent to berth 29 at Port Everglades, Florida State waters.  The M/Y SeaTrek when it was only meters away from the M/V CARIBBEAN EXPRESS I suddenly and unexpectedly turned to port and collided with the bow of the M/V CARIBBEAN EXPRESS I.  Only seconds before the collision the M/Y SeaTrek passed into the prop wash of the Tug Tate McAllister.  The M/V CARIBBEAN EXPRESS I is currently trading between its home port of Port Everglades, Florida and the Bahamas.

6.   This Complaint is filed within six (6) months from the date Petitioners first received any notice of a limitable claim.

7.   The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the M/V CARIBBEAN EXPRESS I or anyone for whom said Petitioners may be responsible. To the contrary, the Captain who was in command of the M/V CARIBBEAN EXPRESS I on February 26, 2022 was experienced, well trained and highly competent. The weather report received by the captain on February 26, 2022 forecast weather well within the M/V CARIBBEAN EXPRESS I's safe operating limits, and his decision to depart the berth and proceed with the voyage was reasonable and prudent.  The voyage proceeded uneventfully until the M/Y SeaTrek suddenly and unexpectedly altered its course to port only seconds before what was to be a routine port to port passage in a narrow channel.  The M/Y SeaTrek's sudden course change was unforeseeable and well beyond what any prudent mariner would expect.  Efforts were made to minimize the impact between the M/V CARIBBEAN EXPRESS I and the M/Y SeaTrek but due

Page **3** of **8**

to the sudden and unexpected course change of the M/Y SeaTrek the collision was unavoidable. The collision between the M/V CARIBBEAN EXPRESS I and the M/Y SeaTrek was an event which Petitioners could not have reasonably anticipated and for which Petitioners are not responsible.

8.     The aforementioned incident, and the resulting losses and damages, if any, liability for which is specifically denied by Petitioners, was done, occasioned and occurred without the fault, privity or knowledge of the Petitioners.

9.     As a result of the aforementioned incident, six (6) individuals on the M/Y SeaTrek are alleged to have sustained physical and/or emotional injuries, and/or other losses as a result of the aforementioned incident. In addition to those six (6) potential injury claims, the M/Y SeaTrek sustained physical damage as a result of the aforementioned incident and the owners of the M/Y SeaTrek have made a written demand to the Petitioners for damage to the M/Y SeaTrek and for personal injuries allegedly suffered by the Captain of the M/Y SeaTrek.

10.    Petitioners are, as of this date, not aware of any lawsuits having been filed as a result of this incident.  However, Petitioners have been made aware that the six (6) individuals that were onboard the M/Y SeaTrek have retained legal counsel and intend to bring claims in the future arising out of the aforementioned voyage of the M/V CARIBBEAN EXPRESS I, and in addition the M/Y SeaTrek sustained physical damage as a result of the aforementioned incident and the owners of the M/Y SeaTrek have made a written demand to the Petitioners for damage to the M/Y SeaTrek and for personal injuries allegedly suffered by the Captain of the M/Y SeaTrek together the sum total of which is expected to exceed the value of the M/V CARIBBEAN EXPRESS I and its freight pending, as outlined below. Petitioners bring this action so that all claims by all

interested parties can be promptly and fairly adjudicated in a single forum, consistent with procedures established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous with the filing of this Petition, Petitioners have filed a motion that seeks, *inter alia*, an injunction pursuant to 46 U.S.C.S. § 30511(c)[2] and an order from this Court establishing a period of time within which any interested party may file a claim for damages so that the final adjudication of this matter may proceed expeditiously under the Court's supervision.

11.  Venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Admiralty Rules because the M/V CARIBBEAN EXPRESS I has not been attached or arrested, the incident and any injuries / damages happened in the State waters of Florida at Port Everglades, Florida, the M/V CARIBBEAN EXPRESS I is homeported at Port Everglades, Florida, and Petitioners have their principal place of business in Port Everglades, Florida.

12.  The total hire or pending freight for the voyage in question was FIFTY-TWO THOUSAND FOUR HUNDRED NINETY-NINE AND 00/100 ($52,499.00) DOLLARS.

13.  The attached Vessel Valuation from Norman J. Dufour, Jr., of DLS Marine Survey & Appraisal, shows the M/V CARIBBEAN EXPRESS I had a value of not more than TWO MILLION FOUR HUNDRED SIXTY THOUSAND AND 00/100 ($2,460,000.00) DOLLARS at the conclusion of this incident. (See Valuation, attached as Exhibit 2). Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

---

[2] 46 U.S.C.S. § 30511(c) states, "Cessation of other actions. When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."

14. In addition, pursuant to 46 U.S.C. § 30506, the death and personal injury claims fund of $420 per gross registered ton does not produce an increase in the limitation fund.

15. Petitioners have contemporaneously filed a motion with this Court that seeks Court approval, as security for the benefit of all potential claimants, of the attached Letter of Undertaking from Assuranceforeningen SKULD (Gjensidig) in the sum of TWO MILLION FIVE HUNDRED TWELVE THOUSAND FOUR HUNDRED NINETY-NINE AND 00/100 ($2,512,499.00) DOLLARS, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the M/V CARIBBEAN EXPRESS I and her appurtenances plus freight pending. (See Letter of Undertaking, attached as Exhibit 3).

16. Petitioners claim exoneration from and limitation of liability from any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners maintain they have valid defenses thereto on the facts and on the law, and further alleged that the incident occurred without the privity and knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned Letter of Undertaking.

17. Should the Petitioners be found liable and the amount or value of Petitioners' interests in the M/V CARIBBEAN EXPRESS I, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil

Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

18. All the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners, CARIBSHIP LLC, and SEACOR ISLAND LINES LLC, pray that:

1. This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of their interest in the M/V CARIBBEAN EXPRESS I;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and underwriters, and/or against the M/V CARIBBEAN EXPRESS I, her officers, crew, and underwriters, or against any employee or property of Petitioners except in

this action, to recover damages for or in respect of any loss, damage, injury or deaths occasioned or incurred as a result of the aforesaid incident;

      4.     This Court adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid incident;

      5.     Alternatively, if Petitioners shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the M/V CARIBBEAN EXPRESS I, as aforesaid, at the time of the accident, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioners and their underwriters from all further liability; and

      6.     Petitioners request such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted the 19th day of August, 2022.

> */s/ Ryon L. Little*
> Ryon L. Little
> Fla. Bar No. 26402
> Charles G. De Leo
> Fla. Bar No. 353485
> De Leo & Kuylenstierna, P.A.
> 8950 SW 74th Court
> Suite 1710
> Miami, Florida 33156
> Telephone: (786) 332-4909
> Counsel for the Plaintiffs