UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY
CASE NO: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE OF THE
M/V CARIBBEAN EXPRESS I PETITION
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY

      Petitioners,

v.

SEATREK CHARTERS Inc.

      Claimants.
_____/

### CLAIMANT SEATREK CHARTERS INC.'s ANSWER, AFFIRMATIVE DEFENSES AND CLAIM TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW, the Claimant, SEATREK CHARTERS INC., (hereinafter "SEATREK") and hereby serves her Answer, Affirmative Defenses and Claim to the Complaint for Exoneration from or Limitation of Liability of CARIBSHIP LLC as owner and SEACOR ISLAND LINES LLC, as operator/owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I (collectively referred to herein as "Petitioners") as follows:

### ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

1. Any paragraph not specifically admitted is denied.

2. In response to paragraph 1 of the Complaint, SEATREK is without knowledge and therefore denies its allegations.

3. In response to paragraph 2 of the Complaint, SEATREK is without knowledge and therefore denies its allegations.

4. In response to paragraph 3 of the Complaint, SEATREK is without knowledge and therefore denies its allegations.

5. SEATREK denies the allegations in paragraph 4 of the Complaint.

6. In response to paragraph 5 of the Complaint, SEATREK admits only that the accident giving rise to her Claim occurred on February 26, 2022, on the navigable waters of a narrow channel adjacent to berth 29 at Port Everglades, Florida. SEATREK denies the remaining allegations and inferences of paragraph 5.

7. In response to paragraph 6 of the Complaint, SEATREK admits this case was filed within six months from receipt of written notice, but denies that Petitioners are entitled to Limitation.

8. SEATREK denies the allegations in paragraph 7 of the Complaint.

9. SEATREK denies the allegations in paragraph 8 of the Complaint.

10. In response to paragraph 9 of the Complaint SEATREK admits that the Captain was injured as a result of the subject incident and that SeaTrek has made written demand for damage to the M/Y SEATREK. SEATREK is without knowledge regarding the other injuries and denies the remaining allegations of paragraph 9.

11. In response to paragraph 10 of the Complaint, SEATREK admits only that it has retained legal counsel regarding the physical damage to the SEATREK and the injuries suffered by the Captain of the M/Y SEATREK. SEATREK is without knowledge as to the extent of the injuries and intent of its passengers and therefore denies all other allegations.

12. SEATREK admits the allegations of paragraph 11 of the Complaint, while expressly reserving her right to proceed with her claims in state court and seek a trial by jury under the savings to suitors clause of the United State Code 28 Section 1333(1).

13. In response to paragraph 12 of the Complaint, SEATREK is without knowledge and therefore denies.

14. In response to paragraph 13 of the Complaint, SEATREK is without knowledge and therefore denies.

15. Paragraph 14 is a legal conclusion and requires no response. To the extent it requires a response, denied.

16. In response to paragraph 15 of the Complaint, SEATREK admits only that the Petitioners have posted a Letter of Undertaking in the amount of $2,512,499.00 that has been approved by the Court as security for value and costs.   SEATREK denies the remaining allegations and inferences of paragraph 15.

17. SEATREK denies all allegations in paragraph 16 of the Complaint.

18. SEATREK denies all allegations of paragraph 17 of the Complaint.

19. SEATREK admits the allegations of paragraph 18 of the Complaint for jurisdictional purposes only and expressly reserves her right to proceed with her claims in state court and seek a trial by jury under the savings to suitors clause of the United State Code 28 Section 1333(1).

WHEREFORE, Claimant, SEATREK CHARTERS INC., respectfully requests that the Petitioners' request for a finding of Exoneration from or Limitation of Liability with respect to the accident that caused injury to SEATREK and others be denied and that SEATREK be

awarded her full measure of damages, pre-judgment interest and for all further relief this Court deems just and proper.

### SEATREK'S AFFIRMATIVE DEFENSES, DEFENSES and SPECIFIC DENIALS TO THE PETITIONERS' COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

1. As and for its first affirmative defense or defense, SEATREK alleges that despite the fact that the Petitioners, have filed this action for Exoneration from or Limitation of Liability with regard to the subject accident, she reserves her right to proceed with its claims in state court and seek a trial by jury under the savings to suitors clause of United States Code 28 Section 1333(1).

2. As and for its second affirmative defense or defense, SEATREK alleges that the negligence of the Petitioners caused or contributed to the injuries sustained by SEATREK precluding a finding of Exoneration or Limitation of Liability in this case.  Petitioners owed her and other persons aboard and in the vicinity of their vessels a general duty of reasonable care.  The Petitioners breached this duty of reasonable care with one or more of the actions or inactions described in SEATREK's claim below, which is incorporated by reference, while having actual or constructive knowledge of these actions or inactions.

3. As and for its third affirmative defense or defense, SEATREK alleges that since SEACOR ISLAND LINES LLC admittedly exerted almost exclusive control over the Caribbean Express I vessel, it is considered to be a managing agent whose privity and knowledge is imputable to CARIBSHIP LLC, precluding it from exoneration or limiting liability its liability with regard to the injuries sustained by SEATREK.

4. As and for a fourth affirmative defense or defense, SEATREK alleges that the Petitioners, as owners and operators of the subject vessel failed to exercise due diligence to make and

   maintain the subject vessel in respects seaworthy, suitable and/or fit for its intended operations, and said vessel were not in fact tight, staunch, strong, equipped, supplied and manned by competent operators.

5. As and for a fifth affirmative defense or defense, the subject incident was the result of the negligence of the Petitioners, in their capacity as owner and/or operators of the subject vessel and the actions that caused SEATREK's injuries were the result of violations, known to the Petitioners of applicable federal, state and local statutes, operating regulations and/or the applicable standard of care.

6. As and for a sixth affirmative defense or defense, Petitioners were at all times under an affirmative duty to exercise due care in their own regard. Petitioners cannot be permitted to exonerate themselves for their own negligence under the doctrine of comparative fault.

7. As and for a seventh affirmative defense or defense, the Pennsylvania rule applies to the facts and circumstances of this case and Petitioners cannot exonerate themselves for their own negligence for failing to adhere to statutory guidelines.

## SEATREK's CLAIM AGAINST THE PETITIONER

COMES NOW the Claimant, SEATREK CHARTERS INC., (hereinafter "SEATREK") by and through her undersigned attorney, and hereby serves her Claim to the Complaint for Exoneration from or Limitation of Liability of CARIBSHIP LLC as owner and SEACOR ISLAND LINES LLC, as operator/owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I (collectively referred to herein as "Petitioners") as follows:

1. SEATREK claims damages in excess of One-Hundred Thousand Dollars ($100,000.00) against Petitioners for damage and personal injuries sustained in the accident involving the M/V Seatrek and the M/V Caribbean Express I.

2. Subject matter jurisdiction of this matter arises under 28 U.S.C. Section 1333, which includes the savings to suitors clause.

3. The events, acts and circumstances giving rise to this action occurred on the navigable waters of the United States within the territorial waters of the State of Florida during traditional maritime activity.

4. SEATREK's Claim has been made within the time period set forth by the Court's Order on Monition [DE 6].

5. Venue is proper in Broward County as the accident which injured SEATREK occurred on the territorial waters of the State of Florida within Broward County.

6. At all times material, SEATREK, was and is a Florida Corporation.

7. At all times material, SEATREK owned and operated the M/V SEATREK, a 45' 1986 Bayliner with HIN BLBA07EMG585.

8. At all times material, Petitioner, CARIBSHIP LLC, (hereinafter referred to as "CARIBSHIP") was a Delaware Limited Liability Company.

9. At all times material, Petitioner, SEACOR ISLAND LINES LLC., (hereinafter referred to as "SEACOR") was a Foreign Limited Liability Company organized and doing business at 1300 Eller Drive, Fort Lauderdale, FL 33316.

10. At all times material, Petitioner, CARIBSHIP, owned, managed, and operated a business located in Fort Lauderdale, Florida, providing cargo transport to paying customers.

11. At all times material, Petitioner, CARIBSHIP, owned and maintained the M/V Caribbean Express I, a 58m landing craft with IMO NO 9233727 and flagged under the laws of Panama.

12. At all times material, Petitioners, CARIBSHIP and SEACOR, were required to obey the USCG Rules of Navigation and other applicable Florida statues detailing the safe operation of vessels in inland waterways.

13. On or about February 26, 2022, the M/V SEATREK was under charter and navigating southbound near Port Everglades berth 29.

14. At that same time, the CARIBBEAN EXPRESS I was heading northbound traveling at approximately seven and a half knots.

15. As the CARIBBEAN EXPRESS I made its way northbound at excessive speeds, the M/V SEATREK attempted to navigate around harbor tugs when it was suddenly and violently pushed astern.

16. Due to the CARIBBEAN EXPRESS I's high rate of speed, the CARIBBEAN EXPRESS I and the M/V SEATREK suffered a collision.

17. The M/V SEATREK was crushed and destroyed as a result of the collision.

18. SEATREK was forced to hire salvors to tow the M/V Seatrek back to a Marina.

19. The M/V SEATREK's Captain was thrown aside and was briefly rendered unconscious due to a sudden blow to the skull.

20. As a direct result of the negligence and carelessness of Petitioners, the M/V SEATREK, was destroyed and rendered a total loss.

21. As a direct result of the negligence and carelessness of Petitioners, the SEATREK's Captain suffered injuries which resulted in damages from incurred medical expenses and the treatment of the injuries, and suffered physical handicap, and the injuries are either permanent or continuing in nature and the Captain will suffer the losses and damages in the future.

22. All conditions precedent to bringing this Claim have occurred or been waived.

## COUNT I
## NEGLIGENCE CLAIM AGAINST
## PETITIONER CARIBSHIP

23. Claimant SEATREK re-alleges and re-adopts paragraphs 1 through 19 as if fully set forth herein and further alleges that:

24. At all times material, Petitioner, CARIBSHIP, owed a duty to other vessels and members of the public, including and in particular, SEATREK, to exercise reasonable care in the operation, supervision and management of the CARIBBEAN EXPRESS I to prevent foreseeable injury.

25. At all times material, Petitioner, CARIBSHIP, was and is vicariously liable for the negligent acts and omissions of its employees, agents, and representatives including but not limited to Petitioner, SEACOR ISLAND LINES LLC, pursuant to the doctrine of *respondeat superior*.

26. At all times material, Petitioner, CARIBSHIP, by and through its employees, representatives, agents and/or servants, breached its duty of care to SEATREK, and was negligent in one or more of the following ways:

    a. Failing to operate the CARIBBEAN EXPRESS I in a safe and reasonable manner;

    b. Failing to implement adequate policies and procedures for the safe operation of CARIBBEAN EXPRESS I;

    c. Failing to provide adequate instruction and training to the crew and captain of the CARIBBEAN EXPRESS I;

    d. Failure to adequately and reasonably supervise CARIBBEAN EXPRESS I;

    e. Failing to comply with federal and state regulations, statutes, and codes with respect to navigation on inland waterways;

    f. Failing to hire reasonably safe, competent and experienced crew and captains for the operation of CARIBBEAN EXPRESS I;

    g. Failing to provide adequate training and instruction to its employees;

    h. Failing to ensure that CARIBBEAN EXPRESS I did not exceed a reasonable

      speed under the circumstances;

      i.  Violating USCG Inland Rules of Navigation Rule 2;

      j.  Violating USCG Inland Rules of Navigation Rule 5;

      k.  Violating USCG Inland Rules of Navigation Rule 6;

      l.  Violating USCG Inland Rules of Navigation Rule 7;

      m.  Violating USCG Inland Rules of Navigation Rule 8;

      n.  Violating Fla. Stat. §327.30;

      o.  Violating Fla. Stat. §327.33;

27. Each of the breaches of duty set forth above occurred within the actual or constructive privity and knowledge of Petitioner CARIBSHIP thereby precluding a finding of Limitation of Liability.

28. As a direct and proximate result of the above-mentioned negligence of Petitioner, CARIBSHIP, SEATREK, was unable to avoid a collision and was crushed and rendered a total loss.

29. During the collision from the vessel, the Captain of the Seatrek sustained personal injuries and damages.

WHEREFORE, Claimant, SEATREK CHARTERS Inc., demands judgment against the Petitioner CARIBSHIP for damages in excess of One-Hundred Thousand Dollars ($100,000.00) together with costs, pre-judgment interest, and all further relief this Court deems just and proper.

**COUNT II**
**NEGLIGENCE CLAIM AGAINST**
**PETITIONER SEACOR**

30. Claimant SEATREK re-alleges and re-adopts paragraphs 1 through 19 as if fully set forth herein and further alleges that:

31. At all times material, Petitioner, SEACOR, owed a duty to other vessels and members of the public, including and in particular, SEATREK, to exercise reasonable care in the operation, supervision and management of the CARIBBEAN EXPRESS I to prevent foreseeable injury.

32. At all times material, Petitioner, SEACOR, was and is vicariously liable for the negligent acts and omissions of its employees, agents, and representatives pursuant to the doctrine of *respondeat superior*.

33. At all times material, Petitioner, CARIBSHIP, by and through its employees, representatives, agents and/or servants, breached its duty of care to SEATREK, and was negligent in one or more of the following ways:

   p. Failing to operate the CARIBBEAN EXPRESS I in a safe and reasonable manner;

   q. Failing to implement adequate policies and procedures for the safe operation of CARIBBEAN EXPRESS I;

   r. Failing to provide adequate instruction and training to the crew and captain of the CARIBBEAN EXPRESS I;

   s. Failure to adequately and reasonably supervise CARIBBEAN EXPRESS I;

   t. Failing to comply with federal and state regulations, statutes, and codes with respect to navigation on inland waterways;

   u. Failing to hire reasonably safe, competent and experienced crew and captains for the operation of CARIBBEAN EXPRESS I;

   v. Failing to provide adequate training and instruction to its employees;

   w. Failing to ensure that CARIBBEAN EXPRESS I did not exceed a reasonable speed under the circumstances;

   x. Violating USCG Inland Rules of Navigation Rule 2;

   y. Violating USCG Inland Rules of Navigation Rule 5;

   z. Violating USCG Inland Rules of Navigation Rule 6;

    aa. Violating USCG Inland Rules of Navigation Rule 7;

    bb. Violating USCG Inland Rules of Navigation Rule 8;

    cc. Violating Fla. Stat. §327.30;

    dd. Violating Fla. Stat. §327.33;

34. Each of the breaches of duty set forth above occurred within the actual or constructive privity and knowledge of Petitioner SEACOR thereby precluding a finding of Limitation of Liability.

35. As a direct and proximate result of the above-mentioned negligence of Petitioner, SEACOR, SEATREK, was unable to avoid a collision and was crushed and rendered a total loss.

36. During the collision from the vessel, the Captain of the SEATREK sustained personal injuries and damages.

WHEREFORE, Claimant, SEATREK CHARTERS Inc., demands judgment against the Petitioner SEACOR ISLAND LINES LLC for damages in excess of One-Hundred Thousand Dollars ($100,000.00) together with costs, pre-judgment interest, and all further relief this Court deems just and proper.

Respectfully Submitted,

*/s John H. Wilbur III*
John H. Wilbur III (1031177)
FERTIG & GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 3316
PH:  (954) 763-5020
FX:   (954) 763-5412
John H. Wilbur III (1031177)
John.wilbur@fertig.com

*Attorneys for Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 21, 2021 on all counsel or parties of record on the Service List below.

Respectfully Submitted,

/s John H. Wilbur III
JOHN H. WILBUR III (1031177)
FERTIG & GRAMLING

## SERVICE LIST

Ryon L. Little
Charles G. De Leo
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
rlittle@dkmaritime.com
cdeleo@dkmaritime.com
Telephone: (786) 332-4909
*Counsel for Petitioners*