UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
Case Number: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE
OF THE M/V CARIBBEAN EXPRESS I
PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

Petitioners.
_____/

**<u>PETITIONERS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CLAIM OF
SEATREK CHARTERS INC AND COUNTERCLAIM</u>**

COME NOW Petitioners CARIBSHIP LLC, as owners, and SEACOR ISLAND LINES

LLC, as manager/operator, (collectively, "Petitioners"), in a cause of exoneration from or

limitation of liability, civil and maritime, and pursuant to the provisions of Rule F of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

("Supplemental Admiralty Rules") by and through their undersigned counsel and for their Answer

and Affirmative Defenses to the Claim [DE 13, pp. 5 - 11] of SEATREK CHARTERS INC.

(hereinafter "SEATREK") state:

**PETITIONERS' ANSWER TO THE CLAIM OF SEATREK CHARTERS INC.**
***(Found at DE 13, pp. 5-11)***

1.      The allegations in paragraph 1 of SEATREK's claim are denied for lack of

sufficient knowledge.

2.      The allegations in paragraph 2 of SEATREK's claim are admitted insofar as the

subject matter of this case arises under 28 U.S.C. 1333.  Except as expressly admitted, the

remaining allegations in paragraph 2 are denied.

3.      The allegations in paragraph 3 of SEATREK's claim are admitted insofar as the events giving rise to this action occurred on the navigable waters of the United States of America within the territorial waters of the State of Florida.  Except as expressly admitted, the remaining allegations in paragraph 3 are denied.

4.      The allegations in paragraph 4 of SEATREK's claim are admitted.

5.      The allegations in paragraph 5 of SEATREK's claim are admitted insofar as venue is proper in the Fort Lauderdale Division of this Court.  Except as expressly admitted, the remaining allegations in paragraph 5 are denied.

6.      The allegations in paragraph 6 of SEATREK's claim are denied for lack of sufficient knowledge.

7.      The allegations in paragraph 7 of SEATREK's claim are denied for lack of sufficient knowledge.

8.      The allegations in paragraph 8 of SEATREK's claim are admitted.

9.      The allegations in paragraph 9 of SEATREK's claim are admitted insofar as SEACOR ISLAND LINES LLC is a foreign limited liability company.  Except as expressly admitted, the remaining allegations in paragraph 9 are denied.

10.     The allegations in paragraph 10 of SEATREK's claim are denied.

11.     The allegations in paragraph 11 of SEATREK's claim are admitted.

12.     The allegations in paragraph 12 of SEATREK's claim are denied.

13.     The allegations in paragraph 13 of SEATREK's claim are denied for lack of sufficient knowledge.

14.     The allegations in paragraph 14 of SEATREK's claim are admitted insofar as the M/V Caribbean Express I was traveling northbound near berth 29.  Except as expressly admitted, the remaining allegations in paragraph 14 are denied.

15.     The allegations in paragraph 15 of SEATREK's claim are denied.

16.     The allegations in paragraph 16 of SEATREK's claim are admitted insofar as the M/V Caribbean Express I and the M/Y SeaTrek collided.  Except as expressly admitted, the remaining allegations in paragraph 16 are denied.

17.     The allegations in paragraph 17 of SEATREK's claim are denied for lack of sufficient knowledge.

18.     The allegations in paragraph 18 of SEATREK's claim are denied for lack of sufficient knowledge.

19.     The allegations in paragraph 19 of SEATREK's claim are denied for lack of sufficient knowledge.

20.     The allegations in paragraph 20 of SEATREK's claim are denied.

21.     The allegations in paragraph 21 of SEATREK's claim are denied.

22.     The allegations in paragraph 22 of SEATREK's claim are denied for lack of sufficient knowledge.

**COUNT I – Negligence Claim Against Petitioner CARIBSHIP**

23.     The Petitioners repeat and reallege each and every denial and allegation contained in paragraphs 1 – 22 of this answer as if they were specifically set forth at length herein.

24.     The allegations in paragraph 24 of SEATREK's claim are denied.

25.     The allegations in paragraph 25 of SEATREK's claim are denied.

26.     The allegations in paragraph 26 of SEATREK's claim are denied.

a.   The allegations in paragraph 26(a) of SEATREK's claim are denied.

b.   The allegations in paragraph 26(b) of SEATREK's claim are denied.

c.   The allegations in paragraph 26(c) of SEATREK's claim are denied.

d.   The allegations in paragraph 26(d) of SEATREK's claim are denied.

e.   The allegations in paragraph 26(e) of SEATREK's claim are denied.

f.   The allegations in paragraph 26(f) of SEATREK's claim are denied.

g.   The allegations in paragraph 26(g) of SEATREK's claim are denied.

h.   The allegations in paragraph 26(h) of SEATREK's claim are denied.

i.   The allegations in paragraph 26(i) of SEATREK's claim are denied.

j.   The allegations in paragraph 26(j) of SEATREK's claim are denied.

k.   The allegations in paragraph 26(k) of SEATREK's claim are denied.

l.   The allegations in paragraph 26(l) of SEATREK's claim are denied.

m.   The allegations in paragraph 26(m) of SEATREK's claim are denied.

n.   The allegations in paragraph 26(n) of SEATREK's claim are denied.

o.   The allegations in paragraph 26(o) of SEATREK's claim are denied.

27.   The allegations in paragraph 27 of SEATREK's claim are denied.

28.   The allegations in paragraph 28 of SEATREK's claim are denied.

29.   The allegations in paragraph 29 of SEATREK's claim are denied for lack of sufficient knowledge.

Petitioners deny that SEATREK is entitled to the relief sought in its prayer for relief contained in Count I.

**COUNT II – Negligence Claim Against Petitioner SEACOR**

30.     The Petitioners repeat and reallege each and every denial and allegation contained in paragraphs 1 – 22 of this answer as if they were specifically set forth at length herein.

31.     The allegations in paragraph 31 of SEATREK's claim are denied.

32.     The allegations in paragraph 32 of SEATREK's claim are denied.

33.     The allegations in paragraph 33 of SEATREK's claim are denied.

> p.  The allegations in paragraph 33(p) of SEATREK's claim are denied.
>
> q.  The allegations in paragraph 33(q) of SEATREK's claim are denied.
>
> r.  The allegations in paragraph 33(r) of SEATREK's claim are denied.
>
> s.  The allegations in paragraph 33(s) of SEATREK's claim are denied.
>
> t.  The allegations in paragraph 33(t) of SEATREK's claim are denied.
>
> u.  The allegations in paragraph 33(u) of SEATREK's claim are denied.
>
> v.  The allegations in paragraph 33(v) of SEATREK's claim are denied.
>
> w.  The allegations in paragraph 33(w) of SEATREK's claim are denied.
>
> x.  The allegations in paragraph 33(x) of SEATREK's claim are denied.
>
> y.  The allegations in paragraph 33(y) of SEATREK's claim are denied.
>
> z.  The allegations in paragraph 33(z) of SEATREK's claim are denied.
>
> aa. The allegations in paragraph 33(aa) of SEATREK's claim are denied.
>
> bb. The allegations in paragraph 33(bb) of SEATREK's claim are denied.
>
> cc. The allegations in paragraph 33(cc) of SEATREK's claim are denied.
>
> dd. The allegations in paragraph 33(dd) of SEATREK's claim are denied.

34.     The allegations in paragraph 34 of SEATREK's claim are denied.

35.     The allegations in paragraph 35 of SEATREK's claim are denied.

36.     The allegations in paragraph 36 of SEATREK's claim are denied for lack of sufficient knowledge.

Petitioners deny that SEATREK is entitled to the relief sought in its prayer for relief contained in Count II.

## PETITIONERS AFFIRMATIVE DEFENSES TO SEATREK'S CLAIMS

1.     As their first affirmative defense, Petitioners assert that any injuries, damages, or losses incurred by SEATREK and / or SEATREK's captain, which are denied, were caused by or contributed to by their own negligence and not by any act, error, or omission on the part of the Petitioners.

2.     As their second affirmative defense, Petitioners assert that SEATREK and / or SEATREK's captain failed to mitigate their damages, if any, and any recovery to which they may be entitled must be reduced by the degree and extent of SEATREK and / or SEATREK's captains failure to mitigate its damages.

3.     As their third affirmative defense, Petitioners assert that if SEATREK and / or SEATREK's captain have suffered damages as alleged, which are in any case denied, these are the proximate result of independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct attributable to the Petitioners.

4.     As their fourth affirmative defense, Petitioners assert that if SEATREK and / or SEATREK's captain have suffered damages as alleged, which are in any case denied, these damages were not proximately caused by any act or omission attributable to the Defendants.

5.     As their fifth affirmative defense, Petitioners assert that if any of the injuries or damages allegedly sustained by SEATREK's captain were based in whole or in part upon an

intervening medical condition, a pre-existing and/or congenital/heredity condition(s) they are not the responsibility of these Petitioners.

6.     As their sixth affirmative defense, Petitioners assert that if SEATREK and / or SEATREK's captain have suffered damages, injuries and/or losses as alleged, these are the proximate result of negligence and/or wrongdoing by persons, entities or forces not within these Petitioners' dominion or control, whereby these Petitioners are not liable.

7.     As their seventh affirmative defense, Petitioners assert that persons or entities not presently a party to this action over whom Petitioners have no control, contributed in whole or in part to the incident herein, thus requiring the apportionment of damages according to the degree of fault of said third parties, and Petitioners are liable only for their proportionate share of the negligence, if any, that caused or contributed to the incident in question.

8.     As their eighth affirmative defense, Petitioners assert that should it be found that SEATREK's captain was suffering from a pre-existing injury at the time of the accident, Petitioners' liability, if any, shall be limited to aggravation of the same.

9.     As their ninth affirmative defense, Petitioners assert that SEATREK has failed to state a claim for negligence in that the relationship, rights, duties and obligations between the parties are governed by the Inland Navigation Rules. See, 33 C.F.R. § 83.04 *et seq*.  Specifically, because the collision occurred on the shoreward side of the COLREGS demarcation line, the Inland Navigation Rules regulate the conduct of the vessels at issue. *See, e.g*., *In re Gore Marine Corp.*, 767 F. Supp. 2d 1316, 1322 (M.D. Fla. 2011), as amended (Feb. 10, 2011).

10.    As their tenth affirmative defense, Petitioners assert that they are entitled to a collateral source set-off in the amount of any funds paid to SEATREK and / or SEATREK's

captain on behalf of the of SEATREK and / or SEATREK's captain from any collateral source whatsoever.

11.     As their eleventh affirmative defense, Petitioners assert that SEATREK and / or SEATREK's captain failed to exercise reasonable care for the safety and maintenance of their property and were negligent in failing to exercise reasonable care for the safety of their property. SEATREK and / or SEATREK's captain directly caused and/or contributed to the cause of the alleged incident by their own negligence.

12.     As their twelfth affirmative defense, Petitioners assert that SEATREK and / or SEATREK's captain have spoliated evidence that is necessary for the adjudication of their claims.

13.     As their thirteenth affirmative defense, Petitioners assert that SEATREK and / or SEATREK's captain have failed to join indispensable parties.

14.     As their fourteenth affirmative defense, Petitioners assert that SEATREK has no standing to assert any claim against the Petitioners for SEATREK's captain.

15.     As their fifteenth affirmative defense, Petitioners assert that SEATREK and / or SEATREK's captain's claims are barred by the doctrine of unclean hands.

16.     As their sixteenth affirmative defense, Petitioners assert that SEATREK is not the real party in interest as it relates to any claim against the Petitioners for SEATREK's captain.

17.     As their seventeenth affirmative defense, Petitioners assert that SEATREK's claim for property damages is limited to the M/Y SeaTrek's fair market value immediately before the collision, less any salvage proceeds.

**PETITIONERS RESERVE THE RIGHT TO AMEND THEIR AFFIRMATIVE DEFENSES**

**PETITIONERS' COUNTERCLAIM AGAINST SEATREK CHARTERS, INC.**

1.     This is a compulsory Counterclaim within the meaning of Rule 13 (a) of the Federal Rules of Civil Procedure.  Jurisdiction arises within the admiralty and maritime jurisdiction of this Court within the meaning of Fed. R. Civ. P. 9(h) and/or within the supplemental jurisdiction of this Court.

2.     At all times material hereto Petitioner/Counterclaimant CARIBSHIP LLC, ("CARIBSHIP") was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the registered owner of the M/V CARIBBEAN EXPRESS I (sometimes referred to as "the Vessel").

3.     At all times material hereto Petitioner/Counterclaimant SEACOR ISLAND LINES LLC ("SEACOR"), was and is a limited liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I.  SEACOR as owner *pro hac vice* has at all material times had the possession of and control of the M/V CARIBBEAN EXPRESS I.  SEACOR dictates where and when the vessel sails.  SEACOR mans the M/V CARIBBEAN EXPRESS I and provides for and oversees the navigation of the M/V CARIBBEAN EXPRESS.

4.     Upon information and belief, Claimant SEATREK CHARTERS INC., is and was at all times material a business entity organized and existing under the laws of the State of Florida.

5.     Upon information and belief, Claimant SEATREK CHARTERS INC., owned, managed, and operated the M/Y SeaTrek, a 45' 1986 Bayliner with HIN BLBA07EMG585.

6.     On February 26, 2022, shortly after 1830 local time, the M/V CARIBBEAN EXPRESS I departed from its berth at Port Everglades, Florida, heading outbound to carry cargo to Great Guana Cay in the Bahamas. At approximately 1847 local time on February 26, 2022, the M/V CARIBBEAN EXPRESS I collided with the M/Y SeaTrek in a narrow channel adjacent to

berth 29 at Port Everglades, Florida State waters.  The M/Y SeaTrek when it was only meters away from the M/V CARIBBEAN EXPRESS I suddenly and unexpectedly turned to port and collided with the bow of the M/V CARIBBEAN EXPRESS I.  Only seconds before the collision the M/Y SeaTrek passed into the prop wash of the Tug Tate McAllister.

7.      On August 19, 2022, Petitioners filed their Petition for Exoneration from or Limitation of Liability pursuant to the Shipowner's Limitation of Liability Act 46 U.S.C. § 30501 *et seq*. ("Limitation Action") in which they allege that they are entitled to exoneration as the collision and any and all resultant damages or injuries was not the result of any fault or neglect attributable to Petitioners. Petitioners also allege in the alternative that they are entitled to limitation to the amount or value of the interest of Petitioners in the vessel following the incident resulting in the deaths of the claimants as the incident occurred without the privity or knowledge of Petitioners.

8.      Venue is proper in this District as more fully alleged in Petitioners' Petition.

9.      On September 21, 2022 claims were filed in the Limitation Action on behalf of SEATREK CHARTERS INC. and SEATREK CHARTERS INC.'s captain, all of which generally allege that Petitioners breached certain duties owed to SEATREK CHARTERS INC. and SEATREK CHARTERS INC.'s captain and that Petitioners are therefore liable for damages and injuries arising from the collision on February 26, 2022.  Petitioners deny said allegations in their entirety.

10.     Additionally, Petitioners/Counterclaimants have been made aware that the six (6) individuals that were onboard the M/Y SeaTrek have retained legal counsel and intend to bring claims in the future arising out of the aforementioned voyage of the M/V CARIBBEAN EXPRESS I.

11.     If Petitioners/Counterclaimants are found to have breached any duties owed to SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek, which is strictly denied, then any such breach resulted in whole or in part due to the breaches of duties and negligence by SEATREK CHARTERS INC. and SEATREK CHARTERS INC.'s captain.

## COUNT I – INDEMNITY AGAINST SEATREK CHARTERS INC. and / or SEATREK CHARTER INC.'s Captain

12.     Petitioners/Counterclaimants re-allege and incorporate by reference the allegations contained in paragraphs 1 – 11 of their counterclaim and further allege:

13.     Petitioners/Counterclaimants deny that the M/V Caribbean Express I caused any damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022 as alleged in SEATREK CHARTERS INC's claim.  If, however, it is determined that the M/V Caribbean Express I was the source and cause of the damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, any damage was the direct and proximate result of the negligence of SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain and not by any fault, action or omission of Petitioners/Counterclaimants, but only as a result of the fault, actions or omissions of SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain.

14.     SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain both owed a duty to exercise reasonable care under the circumstances in the operation and navigation of the M/Y SeaTrek to the Petitioners/Counterclaimants.  SEATREK CHARTERS INC., and

SEATREK CHARTERS INC.'s captain breached their duties through the following acts and omissions:

a.       They negligently failed to operate the M/Y SeaTrek in a safe and reasonable manner;

b.       They negligently failed to implement adequate policies and procedures for the safe operation of the M/Y SeaTrek;

c.       They negligently failed to provide proper training and instruction to the captain and crew of the M/Y SeaTrek;

d.       They negligently failed to supervise the crew of the M/Y SeaTrek;

e.       They negligently failed to comply with federal and state regulations regarding the navigation and safe operation of the M/Y SeaTrek on the inland waterways;

f.       They negligently failed to hire competent and experienced crew for the M/Y SeaTrek;

g.       They negligently violated multiple Inland Navigation Rules and Florida States regarding the safe operation and navigation of the M/Y SeaTrek; and

15.       At all times material hereto, SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain knew of the dangerous conditions that caused the collision on February 26, 2022 and failed to warn the Petitioners/Counterclaimants of those conditions, or the conditions existed for an extended period of time such that SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain, in the exercise of reasonable care under the circumstances should have learned of them and warned of them.

16.       Accordingly, if Petitioners/Counterclaimants become obligated to pay damages for the alleged damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS

INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, it could only be by reason of a finding that the Petitioners/Counterclaimants are vicariously, constructively, specially, technically, or derivatively liable for the negligence, fault, acts, omissions or other breaches of duty of SEATREK CHARTERS INC., its agents, servants, employees and specifically SEATREK CHARTERS INC.'s captain, in the negligent and unsafe operation of the M/Y SeaTrek, and not by any fault on the part of the Petitioners/Counterclaimants.

17.    As a direct and proximate result thereof, the Petitioners/Counterclaimants would be entitled to complete indemnity over and against SEATREK CHARTERS INC., and / or SEATREK CHARTERS INC.'s captain for any loss and/or damages suffered by the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022 including but not limited to the costs and attorney's fees for defending the claims.

WHEREFORE, Petitioners/Counterclaimants request that this Court:

A.    Enter judgment against SEATREK CHARTERS INC., and / or SEATREK CHARTERS INC.'s captain for any amount that Petitioners/Counterclaimants may be required to pay to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022 as a result of the collision;

B.    Award Petitioners/Counterclaimants the costs of suit and attorney's fees in defending the claims of the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022;  and,

C.       Award Petitioners/Counterclaimants such other and further relief as this Court deems just and equitable.

## COUNT II - CONTRIBUTION AGAINST SEATREK CHARTERS INC. and / or SEATREK CHARTER INC.'s Captain

18.      Petitioners/Counterclaimants re-allege and incorporate by reference the allegations contained in paragraphs 1 – 11 of their counterclaim and further allege:

19.      Petitioners/Counterclaimants deny that they or the M/V Caribbean Express I caused any damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022 as alleged in SEATREK's claim.  However, the claims of SEATREK CHARTERS INC., contain allegations which, if proven, might establish liability on the part of the Petitioners/Counterclaimants and in which case the Petitioners/Counterclaimants and SEATREK CHARTERS, INC. might share a common legal liability to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022.

20.      If it is determined that the Petitioners/Counterclaimants or the M/V Caribbean Express I were partially negligent and / or damaged the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, to the extent that the Petitioners/Counterclaimants may be held liable to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022 for the tort-based claims of negligence, the Petitioners/Counterclaimants are entitled to contribution from SEATREK CHARTERS INC., and / or SEATREK CHARTERS INC.'s captain for any

amounts in excess of the Petitioners/Counterclaimants *pro rata* share of responsibility, if any, which it is required to pay in this matter.

WHEREFORE, Petitioners/Counterclaimants requests that this Court:

A.      Enter judgment against SEATREK CHARTERS INC., and / or SEATREK CHARTERS INC.'s captain for any amount that Petitioners/Counterclaimants may be required to pay to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the individuals that were onboard the M/Y SeaTrek on February 26, 2022, and to any other as yet unknown claimants for damages in excess of its *pro rata* share of responsibility, if any;

B.      Award Petitioners/Counterclaimants such other and further relief as this Court deems just and equitable.

Respectfully submitted the 12th day of October, 2022.

*/s/ Ryon L. Little*
Ryon L. Little
Fla. Bar No. 26402
Charles G. De Leo
Fla. Bar No. 353485
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone: (786) 332-4909
Counsel for Plaintiffs/Petitioners

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on October 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Ryon L. Little*

Ryon L. Little
Fla. Bar No. 26402

**SERVICE LIST**

| | |
|---|---|
| Service[1] by U.S. Mail to:<br><br>SeaTrek Charters, Inc.<br>151 North Beach Road – C 8<br>Dania Beach, FL 33004<br><br>And<br><br>SeaTrek Charters, Inc.<br>P.O. Box 460506<br>Fort Lauderdale, FL 33346<br><br>And<br><br>Service by e-mail to:<br>captain@seatrekcharter.com | |
| | |
| | |

---

[1] See D.E. 16 and D.E. 17, Claimant SeaTrek Charters, Inc. is currently not represented by legal counsel but has a deadline of October 14, 2022 to retain new counsel.