UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
Case Number: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE
OF THE M/V CARIBBEAN EXPRESS
I PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

Petitioners.
_____/

**PETITIONERS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CLAIMS OF
DAWN HOLMES, CHANEE HOLMES, CHANICE HOLMES, CORNELL HOLMES,
KAYLA GORDEN, AND WARREN NEWMAN**

COME NOW Petitioners CARIBSHIP LLC, as owners, and SEACOR ISLAND LINES

LLC, as manager/operator, (collectively, "Petitioners"), in a cause of exoneration from or

limitation of liability, civil and maritime, and pursuant to the provisions of Rule F of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

("Supplemental Admiralty Rules") by and through their undersigned counsel and for their Answer

and Affirmative Defenses to the Claims [DE 21] of DAWN HOLMES, CHANEE HOLMES,

CHANICE HOLMES, CORNELL HOLMES, KAYLA GORDEN, AND WARREN NEWMAN

(hereinafter "PASSENGER CLAIMANTS") and state:

1.      The allegations in paragraph 1 of the PASSENGER CLAIMANTS' claim are

admitted insofar as CARIBSHIP LLC is a foreign limited liability company with its principal place

of business in Florida.  Except as expressly admitted, the remaining allegations in paragraph 1 are

denied.

2.      The allegations in paragraph 2 of the PASSENGER CLAIMANTS' claim are admitted insofar as SEACOR ISLAND LINES LLC is a foreign limited liability company with its principal place of business in Florida.  Except as expressly admitted, the remaining allegations in paragraph 2 are denied.

3.      The allegations in paragraph 3 of the PASSENGER CLAIMANTS' claim are admitted insofar as the subject matter of this case arises under 28 U.S.C. 1333.  Except as expressly admitted, the remaining allegations in paragraph 3 are denied for lack of sufficient knowledge.

4.      The allegations in paragraph 4 of the PASSENGER CLAIMANTS' claim are admitted insofar as the events giving rise to this action occurred on the navigable waters of the United States of America and venue is proper in the Fort Lauderdale Division of this Court.  Except as expressly admitted, the remaining allegations in paragraph 4 are denied.

5.      The allegations in paragraph 5 of the PASSENGER CLAIMANTS' claim are denied for lack of sufficient knowledge.

6.      The allegations in paragraph 6 of the PASSENGER CLAIMANTS' claim are admitted insofar as CARIBSHIP LLC was at all relevant times the registered owner of the M/V CARIBBEAN EXPRESS I and that SEACOR ISLAND LINES LLC was at all relevant times is the owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I.  Except as expressly admitted, the remaining allegations in paragraph 6 are denied.

7.      The allegations in paragraph 7 of the PASSENGER CLAIMANTS' claim are admitted insofar as the M/Y SEATREK and the M/V CARIBBEAN EXPRESS I collided on or about February 26, 2022.  Except as expressly admitted, the remaining allegations in paragraph 7 are denied.

8.     The allegations in paragraph 8 of the PASSENGER CLAIMANTS' claim are denied.

    a.   The allegations in paragraph 8(1) of the PASSENGER CLAIMANTS' claim are denied.

    b.   The allegations in paragraph 8(2) of the PASSENGER CLAIMANTS' claim are denied.

    c.   The allegations in paragraph 8(3) of the PASSENGER CLAIMANTS' claim are denied.

    d.   The allegations in paragraph 8(4) of the PASSENGER CLAIMANTS' claim are denied.

    e.   The allegations in paragraph 8(5) of the PASSENGER CLAIMANTS' claim are denied.

    f.   The allegations in paragraph 8(6) of the PASSENGER CLAIMANTS' claim are denied.

    g.   The allegations in paragraph 8(7) of the PASSENGER CLAIMANTS' claim are denied.

    h.   The allegations in paragraph 8(8) of the PASSENGER CLAIMANTS' claim are denied.

    i.   The allegations in paragraph 8(9) of the PASSENGER CLAIMANTS' claim are denied.

    j.   The allegations in paragraph 8(10) of the PASSENGER CLAIMANTS' claim are denied.

k.  The allegations in paragraph 8(11) of the PASSENGER CLAIMANTS' claim are denied.

l.  The allegations in paragraph 8(12) of the PASSENGER CLAIMANTS' claim are denied.

m.  The allegations in paragraph 8(13) of the PASSENGER CLAIMANTS' claim are denied.

n.  The allegations in paragraph 8(14) of the PASSENGER CLAIMANTS' claim are denied.

o.  The allegations in paragraph 8(15) of the PASSENGER CLAIMANTS' claim are denied.

p.  The allegations in paragraph 8(16) of the PASSENGER CLAIMANTS' claim are denied.

q.  The allegations in paragraph 8(17) of the PASSENGER CLAIMANTS' claim are denied.

r.  The allegations in paragraph 8(18) of the PASSENGER CLAIMANTS' claim are denied.

s.  The allegations in paragraph 8(19) of the PASSENGER CLAIMANTS' claim are denied.

t.  The allegations in paragraph 8(20) of the PASSENGER CLAIMANTS' claim are denied.

9.  There is no paragraph 9 of the PASSENGER CLAIMANTS' claim and therefore any allegations in paragraph 9 are denied.

10.     There is no paragraph 10 of the PASSENGER CLAIMANTS' claim and therefore any allegations in paragraph 10 are denied.

11.     The allegations in paragraph 11 of the PASSENGER CLAIMANTS' claim are denied.

12.     The allegations in paragraph 12 of the PASSENGER CLAIMANTS' claim are denied.

13.     The allegations in paragraph 13 of the PASSENGER CLAIMANTS' claim are denied.

14.     The allegations in paragraph 14 of the PASSENGER CLAIMANTS' claim are denied as the PASSENGER CLAIMANTS are not entitled to a jury.

Petitioners deny that the PASSENGER CLAIMANTS are entitled to the relief sought in their prayer for relief contained in their claim.

## PETITIONERS AFFIRMATIVE DEFENSES TO THE PASSENGER CLAIMANTS' CLAIMS

1.     As their first affirmative defense, Petitioners assert that any injuries, damages, or losses incurred by the PASSENGER CLAIMANTS, which are denied, were caused by or contributed to by their own negligence and not by any act, error, or omission on the part of the Petitioners.

2.     As their second affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS failed to mitigate their damages, if any, and any recovery to which they may be entitled must be reduced by the degree and extent of the PASSENGER CLAIMANTS failure to mitigate their damages.

3.      As their third affirmative defense, Petitioners assert that if the PASSENGER CLAIMANTS have suffered damages as alleged, which are in any case denied, these are the proximate result of independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct attributable to the Petitioners.

4.      As their fourth affirmative defense, Petitioners assert that if the PASSENGER CLAIMANTS have suffered damages as alleged, which are in any case denied, these damages were not proximately caused by any act or omission attributable to the Petitioners.

5.      As their fifth affirmative defense, Petitioners assert that if any of the injuries or damages allegedly sustained by the PASSENGER CLAIMANTS were based in whole or in part upon an intervening medical condition, a pre-existing and/or congenital/heredity condition(s) they are not the responsibility of these Petitioners.

6.      As their sixth affirmative defense, Petitioners assert that if the PASSENGER CLAIMANTS have suffered damages, injuries and/or losses as alleged, these are the proximate result of negligence and/or wrongdoing by persons, entities or forces not within these Petitioners' dominion or control, whereby these Petitioners are not liable.

7.      As their seventh affirmative defense, Petitioners assert that persons or entities not presently a party to this action over whom Petitioners have no control, contributed in whole or in part to the incident herein, thus requiring the apportionment of damages according to the degree of fault of said third parties, and Petitioners are liable only for their proportionate share of the negligence, if any, that caused or contributed to the incident in question.

8.      As their eighth affirmative defense, Petitioners assert that should it be found that any of the PASSENGER CLAIMANTS were suffering from a pre-existing injury at the time of the accident, Petitioners' liability, if any, shall be limited to aggravation of the same.

9.      As their ninth affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS have failed to state a claim for negligence in that the relationship, rights, duties and obligations between the parties are governed by the Inland Navigation Rules. See, 33 C.F.R. § 83.04 *et seq*.  Specifically, because the collision occurred on the shoreward side of the COLREGS demarcation line, the Inland Navigation Rules regulate the conduct of the vessels at issue. *See, e.g.*, *In re Gore Marine Corp.*, 767 F. Supp. 2d 1316, 1322 (M.D. Fla. 2011), as amended (Feb. 10, 2011).

10.     As their tenth affirmative defense, Petitioners assert that they are entitled to a collateral source set-off in the amount of any funds paid to the PASSENGER CLAIMANTS from any collateral source whatsoever.

11.     As their eleventh affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS failed to exercise reasonable care for the safety and maintenance of their property and were negligent in failing to exercise reasonable care for the safety of their property and that the PASSENGER CLAIMANTS directly caused and/or contributed to the cause of the alleged incident by their own negligence.

12.     As their twelfth affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS have spoliated evidence that is necessary for the adjudication of their claims.

13.     As their thirteenth affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS have failed to join indispensable parties.

14. As their fourteenth affirmative defense, Petitioners assert that the PASSENGER CLAIMANTS have failed to state a claim for punitive damages.

**PETITIONERS RESERVE THE RIGHT TO AMEND THEIR AFFIRMATIVE DEFENSES**

WHEREFORE, Petitioners request that this Court:

A.     Adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid incident and dismiss with prejudice the PASSENGER CLAIMANTS' claims

B.     Alternatively, if Petitioners shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the M/V CARIBBEAN EXPRESS I, as aforesaid, at the time of the accident; and

C.     Award Petitioners such other and further relief as this Court deems just and equitable.

Respectfully submitted the 17th day of November, 2022.

/s/ Ryon L. Little
Ryon L. Little
Fla. Bar No. 26402
Charles G. De Leo
Fla. Bar No. 353485
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone: (786) 332-4909
Counsel for Plaintiffs/Petitioners

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being

served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Ryon L. Little*

Ryon L. Little
Fla. Bar No. 26402

**SERVICE LIST**

| | |
|---|---|
| Domingo C. Rodriguez, Esq.<br>(Fla. Bar No. 394645)<br>domingo@rlomiami.com<br>pleadings@rlomiami.com<br>nicole@rlomiami.com<br>torey@rlomiami.com<br>Rodriguez Law Office, LLC<br>95 Merrick Way, Suite 720<br>Miami, Florida 33134<br>T 305-774-1477 ~ F 305-774-1075<br>Counsel for Passenger Claimants<br><br>Raul C. De La Heria, Esq.<br>(Fla. Bar No. 0050474)<br>e-mail: raul@delaheria.com<br>Raul De La Heria & Associates<br>999 Ponce de Leon Blvd., Suite 510<br>Miami, Florida 33134<br>T 305-858-2808<br>F 305-858-5540<br>Counsel for Passenger Claimants | Ryon L. Little<br>Fla. Bar No. 26402<br>Charles G. De Leo<br>Fla. Bar No. 353485<br>Jan M. Kuylenstierna<br>Fla. Bar No. 375985<br>DE LEO, KUYLENSTIERNA & LITTLE P.A.<br>Town Center One<br>Suite 1710<br>8950 SW 74th Court<br>Miami, Florida 33156<br>Tel: 786-332-4909<br>Fax: 786-518-2849<br>e-mail: rlittle@dkmaritime.com<br>e-mail: cdeleo@dkmaritime.com<br>e-mail: jkuylenstierna@dkmaritime.com<br>Counsel for Petitioners |
| Paul M. Hoffman<br>Fla. Bar No. 0279897<br>Paul M. Hoffman, P.A.<br>2881 East Oakland Park Blvd., #104<br>Fort Lauderdale, FL 33306<br>e-mail: pmh@paulmhoffmanlaw.com<br>Phone: 954-707-5040<br>Counsel for SeaTrek Charters, Inc. | |