UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
Case Number: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE
OF THE M/V CARIBBEAN EXPRESS I
PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

Petitioners.
_____/

## UNOPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

COME NOW Petitioners CARIBSHIP LLC, as owners, and SEACOR ISLAND LINES

LLC, as manager/operator, (collectively, "Petitioners"), in a cause of exoneration from or

limitation of liability, civil and maritime, and pursuant to Fed. R. Civ. P. 14 (a) and (c) and this

Court's Scheduling Order[1] [DE 26] hereby respectfully move this Court for leave to file a Third-

Party Complaint against MCALLISTER TOWING & TRANSPORTATION COMPANY

(hereinafter "MCALLISTER") and as grounds therefor states:

### I.    INTRODUCTION

This case arises out of a collision between the M/V CARIBBEAN EXPRESS I and the

M/Y SeaTrek that occurred at approximately 1847 local time on February 26, 2022 in a narrow

channel adjacent to berth 29 at Port Everglades, Florida.  The M/Y SeaTrek, when it was only

meters away from the M/V CARIBBEAN EXPRESS I, suddenly and unexpectedly turned to port

and collided with the bow of the M/V CARIBBEAN EXPRESS I.  Only seconds before the

collision the M/Y SeaTrek passed into the propellor wash of the Tug Tate McAllister.  The

_____

[1] The deadline to add additional parties in the Court's Scheduling Order is January 6, 2023. *See*, DE-26.

Page **1** of **5**

Claimants, SEATREK CHARTERS INC. (hereinafter "SEATREK") and Claimants  Dawn

Holmes, Chanee Holmes, Chanice Holmes, Cornell Holmes, Kayla Gorden, and Warren Newman

(hereinafter "PASSENGER CLAIMANTS"), have filed claims in this action all of which generally

allege that the Petitioners breached certain duties owed to SEATREK and to the PASSENGER

CLAIMANTS and that Petitioners are therefore liable for damages and injuries arising from the

collision on February 26, 2022.  The Petitioners through their investigation, which is ongoing,

have determined that MCALLISTER's Tug, the Tug Tate McAllister, was the vessel that caused

the extreme propellor wash that resulted in the unexpected turn of the M/Y SeaTrek.  Accordingly,

if it is determined that MCALLISTER is the party actually at fault then the Petitioners would be

entitled to indemnity or contribution from MCALLISTER. Therefore, good cause exists to grant

the Petitioners leave to file their Third-Party Complaint and no party would be prejudiced as this

Court's Scheduling Order has set a deadline of January 6, 2023 to add additional parties, discovery

is in its early stages and sufficient time remains to conduct discovery before the discovery cut-off.

## II.      MEMORANDUM OF LAW

Fed. R. Civ. P. 14(c) permits the use of impleader by the petitioner in a limitation of liability

action. *See*, *In re Suntex Marina Inv'rs*, 2021 U.S. Dist. LEXIS 22106 (M.D. Fla. Jan. 19, 2021).

A petitioner, acting as a third-party plaintiff, may implead any non-party "who is or may be liable

to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

Fed. R. Civ. P. 14(a). If the defendant acts within fourteen (14) days of submitting his answer, he

may bring a third party into the suit without leave of court. Otherwise, the court's permission must

be obtained. *Id*.  In that event, the determination is left to the informed discretion of the district

court, which should allow impleader on any colorable claim of derivative liability that will not

unduly delay or otherwise prejudice the ongoing proceedings. See *Lehman v. Revolution Portfolio*

*LLC*, 166 F.3d 389, 393 (1st Cir. 1999) (citing *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). In exercising this discretion, courts balance "the elimination of delay and circuity, against the danger of prejudice to the plaintiff." *See Hicks v. Long Island Railroad*, 165 F.R.D. 377, 379 (E.D.N.Y. 1996); *FDIC v. diStefano*, 839 F. Supp. 110, 120 (D.R.I. 1993).

The Petitioners filed their Answer [DE 18] to SEATREK's Claim on October 12, 2022 and the Petitioners filed their Answer [DE 27] to the PASSENGER CLAIMANTS' Claim on November 17, 2022. However, the deadline that this Court set for the Parties to add additional parties is January 6, 2023. *See*, DE-26. The only discovery commenced at this point has been the submission of the Rule 26 initial disclosures. Therefore, allowing the Petitioners to bring in MCALLISTER would not cause delay as discovery is in its early stages. Further, there has been no undue delay in seeking leave to file Third-Party claims against MCALLISTER as the facts underlying the Petitioners proposed continue to be the subject of an ongoing investigation.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

The Petitioners' undersigned counsel has conferred by email with the attorney representing SEATREK and with the attorney representing the PASSENGER CLAIMANTS and they both have advised that they do not object to the relief requested in this motion.

## **III. CONCLUSION**

In view of the foregoing, the Petitioners have established good cause to grant leave to file the Third-Party Complaint attached as Exhibit 1 to this motion and no party would be prejudiced by allowing the Third Party Complaint.

WHEREFORE, the Petitioners respectfully request that this Court grant them leave to file a Third-Party Complaint against MCALLISTER TOWING & TRANSPORTATION COMPANY and award it all other relief which this Courts deems just and equitable.

Respectfully submitted the 9th day of December, 2022.

/s/ Ryon L. Little
Ryon L. Little
Fla. Bar No. 26402
Charles G. De Leo
Fla. Bar No. 353485
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone: (786) 332-4909
Counsel for Plaintiffs/Petitioners

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Ryon L. Little

Ryon L. Little
Fla. Bar No. 26402

## SERVICE LIST

| | |
|---|---|
| Domingo C. Rodriguez, Esq. (Fla. Bar No. 394645) domingo@rlomiami.com pleadings@rlomiami.com nicole@rlomiami.com torey@rlomiami.com | Ryon L. Little Fla. Bar No. 26402 Charles G. De Leo Fla. Bar No. 353485 Jan M. Kuylenstierna Fla. Bar No. 375985 |

| | |
|---|---|
| Rodriguez Law Office, LLC<br>95 Merrick Way, Suite 720<br>Miami, Florida 33134<br>T 305-774-1477 ~ F 305-774-1075<br>Counsel for Passenger Claimants<br><br>Raul C. De La Heria, Esq.<br>(Fla. Bar No. 0050474)<br>e-mail: raul@delaheria.com<br>Raul De La Heria & Associates<br>999 Ponce de Leon Blvd., Suite 510<br>Miami, Florida 33134<br>T 305-858-2808<br>F 305-858-5540<br>Counsel for Passenger Claimants | DE LEO, KUYLENSTIERNA & LITTLE P.A.<br>Town Center One<br>Suite 1710<br>8950 SW 74th Court<br>Miami, Florida 33156<br>Tel: 786-332-4909<br>Fax: 786-518-2849<br>e-mail: rlittle@dkmaritime.com<br>e-mail: cdeleo@dkmaritime.com<br>e-mail: jkuylenstierna@dkmaritime.com<br>Counsel for Petitioners |
| Paul M. Hoffman<br>Fla. Bar No. 0279897<br>Paul M. Hoffman, P.A.<br>2881 East Oakland Park Blvd., #104<br>Fort Lauderdale, FL 33306<br>e-mail: pmh@paulmhoffmanlaw.com<br>Phone: 954-707-5040<br>Counsel for SeaTrek Charters, Inc. | |
| | |