EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
Case Number: 22-61542

IN THE MATTER OF CARIBSHIP LLC,
AS OWNER AND SEACOR ISLAND LINES
LLC AS OPERATOR/OWNER PRO HAC VICE
OF THE M/V CARIBBEAN EXPRESS I
PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

Petitioners.
_____/

**THIRD-PARTY COMPLAINT**

COME NOW Petitioners/Third-Party Plaintiffs CARIBSHIP LLC, as owners, and SEACOR ISLAND LINES LLC, as manager/operator, (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, and pursuant to the provisions of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules") by and through undersigned counsel and pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, for its Third-Party Complaint against Third-Party Defendant, MCALLISTER TOWING & TRANSPORTATION CO., INC. d/b/a MCALLISTER TOWING OF PORT EVERGLADES and / or d/b/a MCALLISTER TOWING OF FLORIDA, INC. (hereinafter "MCALLISTER"), and hereby pleads the following:

**I. STATUS OF THE PARTIES**

1. At all material times, Third-Party Defendant, MCALLISTER, was, and still is, a for profit corporation organized and existing under and by virtue of the laws of the State of Delaware and authorized to do business within the State of Florida and is engaged in the business of operating and providing tugs for ship docking and general harbor towing within Port Everglades

from its office at 2110 Eller Drive, Fort Lauderdale, FL 33316. At all material times MCALLISTER was the owner and / or operator of the tug TATE MCALLISTER (IMO #9743461) which was at all relevant times a tug that was sailing under the flag of the United States with a length overall of 33 meters.

2. At all times material hereto Petitioner/Third-Party Plaintiff CARIBSHIP LLC, ("CARIBSHIP") was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the registered owner of the M/V CARIBBEAN EXPRESS I (sometimes referred to as "the Vessel").

3. At all times material hereto Petitioner/Third-Party Plaintiff SEACOR ISLAND LINES LLC ("SEACOR"), was and is a limited liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Florida, and is the owner *pro hac vice* of the M/V CARIBBEAN EXPRESS I.

## II. JURISDICTION AND VENUE

4. This action arises within the Admiralty and Maritime Jurisdiction of this Court within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure as more fully appears below.

5. This third-party claim is brought pursuant to Rule 14(c) of the Fed. R. Civ. P. in that MCALLISTER may be wholly or partly liable to the Petitioners, and/or the claimants who have appeared in this action and the claim arises out of the occurrence that is the subject matter of the Petitioners' cause of exoneration from or limitation of liability, civil and maritime, and pursuant to the provisions of Rule F of the Supplemental Admiralty Rules and the claimants claims against the Petitioners.

6. This matter arises within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. 1367 and subject matter jurisdiction arises under 28 U.S.C. §1333.

7. The events, acts circumstances giving rise to this action all occurred within the navigable waters of the United States, while maneuvering in the waters of Port Everglades, during traditional maritime activity involving the vessels M/Y SeaTrek, the MV Caribbean Express I and the Tug Tate McAllister and therefore venue properly rests in the United States District Court for the Southern District of Florida (Fort Lauderdale Division).

8. MCALLISTER personally or through their agents or representatives:

   a. Operated, conducted, engaged in or carried on a business venture in the state of Florida and/or has an office or agency in this state; and/or

   b. Were engaged in substantial business activity within the state of Florida; and/or

   c. Committed one or more of the acts identified as giving rise to jurisdiction in Florida Statutes §§48.081, 48.181, or 48.193; and/or

   d. Engaged in continuous and non-isolated activity within the state of Florida, including but not limited to:

      (i) Entering into contracts, undertakings and agreements with various third parties as part of its above described business activities, which required and contemplated regular actions and activities to be performed within the state of Florida and its territorial waters as well as the territorial waters of the United States; and/or

   e. Operated, conducted, engaged in or carried on a business venture in the United States or has an office(s) or agency in the United States; and/or

   f. Were engaged in substantial business activity within the United States; and/or

   g. Are subject to service and jurisdiction under the provisions of Fed.R.Civ.P. 4(k); and accordingly, are subject to the jurisdiction of this Court.

### III.     ALLEGATIONS OF FACT COMMON TO ALL COUNTS

9. On February 26, 2022, shortly after 1830 local time, the M/V CARIBBEAN EXPRESS I departed from its berth at Port Everglades, Florida, heading outbound to carry cargo to Great Guana Cay in the Bahamas. At approximately 1847 local time on February 26, 2022, the the M/Y SeaTrek collided with the M/V CARIBBEAN EXPRESS I in a narrow channel adjacent to berth 29 at Port Everglades, Florida.  The M/Y SeaTrek when it was only meters away from the M/V CARIBBEAN EXPRESS I suddenly and unexpectedly turned to port and collided with the bow of the M/V CARIBBEAN EXPRESS I.  Shortly before the collision the M/Y SeaTrek passed into the prop wash of the Tug Tate McAllister.

10. Upon information and belief, on February 26, 2022 at approximately 1847 local time the Tug Tate McAllister was assisting the M/V Tanjin into Port Everglades berth 29.

11. Upon information and belief, the M/V SeaTrek, while attempted to navigate around the Tug Tate McAllister, was suddenly and violently pushed by the propeller wash of the Tug Tate McAllister which led to the collision between the M/V CARIBBEAN EXPRESS I collided with the M/Y SeaTrek in a narrow channel adjacent to berth 29 at Port Everglades, Florida.

12. On August 19, 2022, Petitioners filed their Petition for Exoneration from or Limitation of Liability pursuant to the Shipowner's Limitation of Liability Act 46 U.S.C. § 30501 et seq. ("Limitation Action") in which they allege that they are entitled to exoneration as the collision and any and all resultant damages or injuries was not the result of any fault or neglect attributable to Petitioners. Petitioners also allege in the alternative that they are entitled to limitation to the amount or value of the interest of Petitioners in the vessel following the incident resulting in the deaths of the claimants as the incident occurred without the privity or knowledge of Petitioners.

13.   On September 21, 2022 claims were filed in the Limitation Action on behalf of SEATREK CHARTERS INC. and SEATREK CHARTERS INC.'s captain, all of which generally allege that Petitioners breached certain duties owed to SEATREK CHARTERS INC. and SEATREK CHARTERS INC.'s captain and that Petitioners are therefore liable for damages and injuries arising from the collision on February 26, 2022. *See*, DE-13.  Petitioners deny said allegations in their entirety.

14.   The Claimant, SEATREK CHARTERS INC. (hereinafter "SEATREK") has made the following allegations against the Petitioners in its Claim [DE-13]:

> On or about February 26, 2022, the M/V SeaTrek was under charter and navigating southbound near Port Everglades berth 29. [DE-13, p. 7, ¶ 13].
>
> At that same time, the CARIBBEAN EXPRESS I was heading northbound traveling at approximately seven and a half knots. [DE-13, p. 7, ¶ 14].
>
> As the CARIBBEAN EXPRESS I made its way northbound at excessive speeds, the M/V SeaTrek attempted to navigate around harbor tugs when it was suddenly and violently pushed astern. [DE-13, p. 7, ¶ 15].
>
> Due to the CARIBBEAN EXPRESS I's high rate of speed, the CARIBBEAN EXPRESS I and the M/V SeaTrek suffered a collision. [DE-13, p. 7, ¶ 16].
>
> The M/V SeaTrek was crushed and destroyed as a result of the collision. [DE-13, p. 7, ¶ 17].
>
> SEATREK was forced to hire salvors to tow the M/V Seatrek back to a Marina. [DE-13, p. 7, ¶ 18].
>
> The M/V SeaTrek's Captain was thrown aside and was briefly rendered unconscious due to a sudden blow to the skull. [DE-13, p. 7, ¶ 19].
>
> As a direct result of the negligence and carelessness of Petitioners, the M/V SeaTrek, was destroyed and rendered a total loss. [DE-13, p. 7, ¶ 20].
>
> As a direct result of the negligence and carelessness of Petitioners, the SEATREK's Captain suffered injuries which resulted in damages from incurred medical expenses and the treatment of the injuries, and suffered physical handicap, and the injuries are either permanent or continuing in nature and the Captain will suffer the losses and damages in the future. [DE-13, p. 7, ¶ 21].

15. Based on the allegations set forth in SEATREK's Claim it has brought claims in negligence against the Petitioners against all of which the Petitioners have denied. *See*, DE-18.

16. On October 27, 2022 claims were filed in the Limitation Action on behalf of the Claimants Dawn Holmes, Chanee Holmes, Chanice Holmes, Cornell Holmes, Kayla Gorden, and Warren Newman (hereinafter "PASSENGER CLAIMANTS") and the PASSENGER CLAIMANTS all of which generally allege that Petitioners breached certain duties owed to the PASSENGER CLAIMANTS and that Petitioners are therefore liable for damages and injuries arising from the collision on February 26, 2022. *See*, DE-21. Petitioners deny said allegations in their entirety.

17. The PASSENGER CLAIMANTS have made the following allegations against the Petitioners in their Claim [DE-21]:

> On or about February 26, 2022 M/V CARIBBEAN EXPRESS I and the M/Y SEATREK collided in navigable waters near Port Everglades, Florida. The collision resulted in serious painful physical and psychological injuries to Claimants. Dawn Holmes sustained injuries to her neck, back, knees, and other parts of her body, as well as mental, psychological, and emotional damages. Chanee Holmes sustained injuries to her back and other parts of her body, as well as mental, psychological, and emotional damages. Chanice Holmes sustained injuries to her neck, back, and head, as well as mental, psychological, and emotional damages. Cornell Holmes sustained injuries to his shoulder, neck, and back, as well as mental, psychological, and emotional damages. Kayla Gorden sustained injuries to her neck and back, as well as mental, psychological, and emotional damages. Warren Newman sustained injuries to his neck and back, as well as mental, psychological, and emotional damages. [DE-21, p. 2-3, ¶ 7].

> As a direct result of the negligence of the Petitioners and the unseaworthiness of the vessel, Claimants Dawn Holmes, Chanee Holmes, Chanice Holmes, Cornell Holmes, Kayla Gorden, and Warren Newman are entitled to recover from the Petitioners reasonable and just compensatory, special, and general damages as prayed for herein and to be awarded by this Honorable Court . . . [DE-21, p. 5-6, ¶ 12].

18.     Based on the allegations set forth in the PASSENGER CLAIMANTS' Claim it has brought claims in negligence against the Petitioners which Petitioners have denied. *See*, DE-27.

### COUNT I – MARITIME INDEMNITY AGAINST MCALLISTER AS TO SEATREK'S CLAIM

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1-15 as if pled herein.

19.     The Petitioners deny that they were negligent as alleged by SEATREK in its Claim [DE-13]. If, however, it is determined that the Petitioners are in anyway legally responsible for the damages asserted by SEATREK in its Claim, which is denied, the collision occurred through MCALLISTER's fault, neglect, and carelessness, and that of its agents or employees in negligently operating the Tug Tate McAllister on February 26, 2022.

20.     MCALLISTER owed an independent duty of care to the Petitioners and to Claimant SEATREK and MCALLISTER breached its duty through the following acts and omissions:

   a.   They negligently failed to operate the Tug Tate McAllister in a safe and reasonable manner;

   b.   They negligently failed to implement adequate policies and procedures for the safe operation of the Tug Tate McAllister;

   c.   They negligently failed to provide proper training and instruction to the captain and crew of the Tug Tate McAllister;

   d.   They negligently failed to supervise the crew of the Tug Tate McAllister;

  e. They negligently failed to comply with federal and state regulations regarding the navigation and safe operation of the Tug Tate McAllister on the inland waterways;

  f. They negligently failed to hire competent and experienced crew for the Tug Tate McAllister;

  g. They negligently violated multiple Inland Navigation Rules and Florida States regarding the safe operation and navigation of the Tug Tate McAllister; and

  21. At all times material hereto, MCALLISTER and MCALLISTER's captain knew of the dangerous conditions that caused the collision on February 26, 2022 and failed to warn the Petitioners and SEATREK of those conditions, or the conditions existed for an extended period of time such that MCALLISTER and MCALLISTER's captain, in the exercise of reasonable care under the circumstances should have learned of them and warned of them.

  22. Accordingly, if the Petitioners were found responsible for the alleged damages to the M/Y SeaTrek, SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain as a result of the collision, it could only be by reason of the actions and/or omissions of MCALLISTER in the operation of the Tug Tate McAllister on February 26, 2022.

  23. Due to the independent duties owed to the Petitioners and Claimant SEATREK the parties have a special relationship such that the Petitioners may be held vicariously, technically, or derivatively liable for the collision and the negligence of MCALLISTER.

  24. As a direct and proximate result thereof, the Petitioners would be entitled to complete indemnity over and against MCALLISTER for any loss and/or damages suffered by

Claimant SEATREK, including but not limited to the costs and attorney's fees for defending Claimant SEATREK's claims.

WHEREFORE, Third-Party Plaintiffs CARIBSHIP LLC and SEACOR ISLAND LINES LLC request that this Court:

    A.    Enter judgment against MCALLISTER for any amount that Third-Party Plaintiffs may be required to pay Claimant SEATREK;

    B.    Award Third-Party Plaintiff the costs of suit and attorney's fees in defending Claimant SEATREK's lawsuit;

    C.    That pursuant to Fed. R. Civ. P. 14(c)(2) the Court enter judgment in favor of Claimant SEATREK and against MCALLISTER and that MCALLISTER must defend against the claims of the Claimant SEATREK and the action proceeds as if Claimant SEATREK had sued both MCALLISTER and CARIBSHIP LLC and SEACOR ISLAND LINES LLC;

    D.    Award Third-Party Plaintiffs such other and further relief as this Court deems just and equitable.

**COUNT II MARITIME INDEMNITY AGAINST MCALLISTER AS TO THE PASSENGER CLAIMANTS' CLAIMS**

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1-12 and 16 – 18 as if pled herein.

25.    The Petitioners deny that they were negligent as alleged by the PASSENGER CLAIMANTS in their Claim [DE-21]. If, however, it is determined that the Petitioners are in anyway legally responsible for the damages asserted by the PASSENGER CLAIMANTS in their Claim, which is denied, the collision occurred through MCALLISTER's fault, neglect, and

carelessness, and that of its agents or employees in negligently operating the Tug Tate McAllister on February 26, 2022.

26. MCALLISTER owed an independent duty of care to the Petitioners and to the PASSENGER CLAIMANTS and MCALLISTER breached its duty through the following acts and omissions:

   a. They negligently failed to operate the Tug Tate McAllister in a safe and reasonable manner;

   b. They negligently failed to implement adequate policies and procedures for the safe operation of the Tug Tate McAllister;

   c. They negligently failed to provide proper training and instruction to the captain and crew of the Tug Tate McAllister;

   d. They negligently failed to supervise the crew of the Tug Tate McAllister;

   e. They negligently failed to comply with federal and state regulations regarding the navigation and safe operation of the Tug Tate McAllister on the inland waterways;

   f. They negligently failed to hire competent and experienced crew for the Tug Tate McAllister;

   g. They negligently violated multiple Inland Navigation Rules and Florida States regarding the safe operation and navigation of the Tug Tate McAllister; and

27. At all times material hereto, MCALLISTER and MCALLISTER's captain knew of the dangerous conditions that caused the collision on February 26, 2022 and failed to warn the

Page **10** of **20**

Petitioners and the PASSENGER CLAIMANTS of those conditions, or the conditions existed for an extended period of time such that MCALLISTER and MCALLISTER's captain, in the exercise of reasonable care under the circumstances should have learned of them and warned of them.

28.     Accordingly, if the Petitioners were found responsible for the alleged damages to the PASSENGER CLAIMANTS as a result of the collision, it could only be by reason of the actions and/or omissions of MCALLISTER in the operation of the Tug Tate McAllister on February 26, 2022.

29.     Due to the independent duties owed to the Petitioners and the PASSENGER CLAIMANTS the parties have a special relationship such that the Petitioners may be held vicariously, technically, or derivatively liable for the collision and the negligence of MCALLISTER.

30.     As a direct and proximate result thereof, the Petitioners would be entitled to complete indemnity over and against MCALLISTER for any loss and/or damages suffered by the PASSENGER CLAIMANTS including but not limited to the costs and attorney's fees for defending the PASSENGER CLAIMANTS claims.

WHEREFORE, Third-Party Plaintiffs CARIBSHIP LLC and SEACOR ISLAND LINES LLC request that this Court:

    a.     Enter judgment against MCALLISTER for any amount that Third-Party Plaintiffs may be required to pay the PASSENGER CLAIMANTS;

    b.     Award Third-Party Plaintiff the costs of suit and attorney's fees in defending the PASSENGER CLAIMANTS' lawsuit;

c.  That pursuant to Fed. R. Civ. P. 14(c)(2) the Court enter judgment in favor of the PASSENGER CLAIMANTS and against MCALLISTER and that MCALLISTER must defend against the claims of the PASSENGER CLAIMANTS and the action proceeds as if the PASSENGER CLAIMANTS had sued both MCALLISTER and CARIBSHIP LLC and SEACOR ISLAND LINES LLC;

d.  Award Third-Party Plaintiffs such other and further relief as this Court deems just and equitable.

**COUNT III – CONTRIBUTION AGAINST MCALLISTER AS TO SEATREK'S CLAIM**

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1 - 15 as if pled herein.

31.  Petitioners deny that they or the M/V Caribbean Express I caused any damage to the M/Y SeaTrek, SEATREK CHARTERS INC., or to SEATREK CHARTERS INC.'s captain on February 26, 2022 as alleged in SEATREK's Claim [DE-13].  However, the claims of SEATREK CHARTERS INC. [DE-13] contain allegations which, if proven, might establish liability on the part of the Petitioners and in which case the Petitioners and MCALLISTER might share a common legal liability to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, as a result of the collision on February 26, 2022.

32.  If it is determined that the Petitioners or the M/V Caribbean Express I were partially negligent and / or damaged the M/Y SeaTrek, SEATREK CHARTERS INC., or SEATREK CHARTERS INC.'s captain, which is denied, to the extent that the Petitioners may be held liable to the M/Y SeaTrek, SEATREK CHARTERS INC., and SEATREK CHARTERS INC.'s captain, for the tort-based claims of negligence, the Petitioners are entitled to contribution from

Page **12** of **20**

MCALLISTER and / or MCALLISTER's captain for any amounts in excess of the Petitioners pro rata share of responsibility, if any, which it is required to pay in this matter.

WHEREFORE, Third-Party Plaintiffs CARIBSHIP LLC and SEACOR ISLAND LINES LLC requests that this Court:

A. Enter judgment against MCALLISTER for any amount that Third-Party Plaintiff may be required to pay SEATREK and SEATREK's captain in excess of its pro rata share of responsibility, if any;

B. That pursuant to Fed. R. Civ. P. 14(c)(2) the Court enter judgment in favor of SEATREK and SEATREK's captain, and against MCALLISTER and that MCALLISTER must defend against the claims of SEATREK and SEATREK's captain and the action proceeds as if SEATREK and SEATREK's captain had sued both MCALLISTER and the Petitioners;

C. Award Third-Party Plaintiff such other and further relief as this Court deems just and equitable.

### COUNT IV – CONTRIBUTION AGAINST MCALLISTER AS TO THE PASSENGER CLAIMANTS' CLAIMS

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1-12 and 16 – 18 as if pled herein.

33. Petitioners deny that they or the M/V Caribbean Express I caused any damage to the PASSENGER CLAIMANTS on February 26, 2022 as alleged in the PASSENGER CLAIMANTS' Claim [DE-21]. However, the claims of the PASSENGER CLAIMANTS [DE-21] contain allegations which, if proven, might establish liability on the part of the Petitioners and

in which case the Petitioners and MCALLISTER might share a common legal liability to the PASSENGER CLAIMANTS as a result of the collision on February 26, 2022.

34.     If it is determined that the Petitioners or the M/V Caribbean Express I were partially negligent and / or damaged the PASSENGER CLAIMANTS, which is denied, to the extent that the Petitioners may be held liable to the PASSENGER CLAIMANTS for the tort-based claims of negligence, the Petitioners are entitled to contribution from MCALLISTER and / or MCALLISTER's captain for any amounts in excess of the Petitioners *pro rata* share of responsibility, if any, which it is required to pay in this matter.

WHEREFORE, Third-Party Plaintiffs CARIBSHIP LLC and SEACOR ISLAND LINES LLC requests that this Court:

A. Enter judgment against MCALLISTER for any amount that Third-Party Plaintiff may be required to pay the PASSENGER CLAIMANTS in excess of its *pro rata* share of responsibility, if any;

B. That pursuant to Fed. R. Civ. P. 14(c)(2) the Court enter judgment in favor of the PASSENGER CLAIMANTS and against MCALLISTER and that MCALLISTER must defend against the claims of the PASSENGER CLAIMANTS and the action proceeds as if the PASSENGER CLAIMANTS had sued both MCALLISTER and the Petitioners;

C. Award Third-Party Plaintiff such other and further relief as this Court deems just and equitable.

### COUNT V – INDEMNITY AGAINST MCALLISTER

Page **14** of **20**

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1-18 as if pled herein:

35.     Petitioners deny that the M/V Caribbean Express I caused any damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022.  If, however, it is determined that the M/V Caribbean Express I was the source and cause of the damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, any damage was the direct and proximate result of the negligence of MCALLISTER and MCALLISTER's captain and not by any fault, action or omission of Petitioners, but only as a result of the fault, actions or omissions of MCALLISTER and MCALLISTER's captain.

36.     MCALLISTER and MCALLISTER's captain both owed an independent duty to exercise reasonable care under the circumstances in the operation and navigation of the Tug Tate McAllister to the Petitioners.  MCALLISTER and MCALLISTER's captain breached their duties through the following acts and omissions:

   a.   They negligently failed to operate the Tug Tate McAllister in a safe and reasonable manner;

   b.   They negligently failed to implement adequate policies and procedures for the safe operation of the Tug Tate McAllister;

   c.   They negligently failed to provide proper training and instruction to the captain and crew of the Tug Tate McAllister;

    d.    They negligently failed to supervise the crew of the Tug Tate McAllister;

    e.    They negligently failed to comply with federal and state regulations regarding the navigation and safe operation of the Tug Tate McAllister on the inland waterways;

    f.    They negligently failed to hire competent and experienced crew for the Tug Tate McAllister;

    g.    They negligently violated multiple Inland Navigation Rules and Florida States regarding the safe operation and navigation of the Tug Tate McAllister; and

    37.    At all times material hereto, MCALLISTER and MCALLISTER's captain knew of the dangerous conditions that caused the collision on February 26, 2022 and failed to warn the Petitioners of those conditions, or the conditions existed for an extended period of time such that MCALLISTER and MCALLISTER's captain, in the exercise of reasonable care under the circumstances should have learned of them and warned of them.

    38.    Due to the independent duties owed to the Petitioners, SEATREK and the PASSENGER CLAIMANTS the parties have a special relationship such that the Petitioners may be held vicariously, technically, or derivatively liable for the collision and the negligence of MCALLISTER.

    39.    Accordingly, if Petitioners become obligated to pay damages for the alleged damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, it could only be by reason of a finding that the Petitioners are vicariously, constructively, specially, technically, or derivatively liable for the negligence, fault,

acts, omissions or other breaches of duty of MCALLISTER, its agents, servants, employees and specifically MCALLISTER's captain, in the negligent and unsafe operation of the Tug Tate McAllister, and not by any fault on the part of the Petitioners.

40. As a direct and proximate result thereof, the Petitioners would be entitled to complete indemnity over and against MCALLISTER and / or MCALLISTER's captain for any loss and/or damages suffered by the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022 including but not limited to the costs and attorney's fees for defending the claims.

WHEREFORE, Petitioners request that this Court:

A. Enter judgment against MCALLISTER and / or MCALLISTER's captain for any amount that Petitioners may be required to pay to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022 as a result of the collision;

B. Award Petitioners the costs of suit and attorney's fees in defending the claims of the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022; and,

C. Award Petitioners such other and further relief as this Court deems just and equitable.

**COUNT VI - CONTRIBUTION AGAINST MCALLISTER**

Petitioners re-allege and incorporate by reference the allegations contained in paragraphs 1 – 18 as if pled herein:

41. Petitioners deny that they or the M/V Caribbean Express I caused any damage to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022 as alleged in SEATREK's claim. However, the claims of SEATREK CHARTERS INC. [DE-13] and the claims of the PASSENGER CLAIMANTS [DE-21] contain allegations which, if proven, might establish liability on the part of the Petitioners and in which case the Petitioners and MCALLISTER might share a common legal liability to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022.

42. If it is determined that the Petitioners or the M/V Caribbean Express I were partially negligent and / or damaged the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022, which is denied, to the extent that the Petitioners may be held liable to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022 for the tort-based claims of negligence, the Petitioners are entitled to contribution from MCALLISTER and / or MCALLISTER's captain for any amounts in excess of the Petitioners *pro rata* share of responsibility, if any, which it is required to pay in this matter.

WHEREFORE, Petitioners requests that this Court:

A. Enter judgment against MCALLISTER and / or MCALLISTER's captain for any amount that Petitioners may be required to pay to the M/Y SeaTrek, SEATREK CHARTERS INC., SEATREK CHARTERS INC.'s captain, and the PASSENGER CLAIMANTS that were onboard the M/Y SeaTrek on February 26, 2022, and to any other as yet unknown claimants for damages in excess of its *pro rata* share of responsibility, if any;

B. Award Petitioners such other and further relief as this Court deems just and equitable.

Respectfully submitted the 9th day of December, 2022.

> /s/ Ryon L. Little
> Ryon L. Little
> Fla. Bar No. 26402
> Charles G. De Leo
> Fla. Bar No. 353485
> De Leo & Kuylenstierna, P.A.
> 8950 SW 74th Court
> Suite 1710
> Miami, Florida 33156
> Telephone: (786) 332-4909
> Counsel for Plaintiffs/Petitioners

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

> /s/ Ryon L. Little
> Ryon L. Little
> Fla. Bar No. 26402

# SERVICE LIST

| | |
|---|---|
| Domingo C. Rodriguez, Esq.<br>(Fla. Bar No. 394645)<br>domingo@rlomiami.com<br>pleadings@rlomiami.com<br>nicole@rlomiami.com<br>torey@rlomiami.com<br>Rodriguez Law Office, LLC<br>95 Merrick Way, Suite 720<br>Miami, Florida 33134<br>T 305-774-1477 ~ F 305-774-1075<br>Counsel for Passenger Claimants<br><br>Raul C. De La Heria, Esq.<br>(Fla. Bar No. 0050474)<br>e-mail: raul@delaheria.com<br>Raul De La Heria & Associates<br>999 Ponce de Leon Blvd., Suite 510<br>Miami, Florida 33134<br>T 305-858-2808<br>F 305-858-5540<br>Counsel for Passenger Claimants | Ryon L. Little<br>Fla. Bar No. 26402<br>Charles G. De Leo<br>Fla. Bar No. 353485<br>Jan M. Kuylenstierna<br>Fla. Bar No. 375985<br>DE LEO, KUYLENSTIERNA & LITTLE P.A.<br>Town Center One<br>Suite 1710<br>8950 SW 74th Court<br>Miami, Florida 33156<br>Tel: 786-332-4909<br>Fax: 786-518-2849<br>e-mail: rlittle@dkmaritime.com<br>e-mail: cdeleo@dkmaritime.com<br>e-mail: jkuylenstierna@dkmaritime.com<br>Counsel for Petitioners |
| Paul M. Hoffman<br>Fla. Bar No. 0279897<br>Paul M. Hoffman, P.A.<br>2881 East Oakland Park Blvd., #104<br>Fort Lauderdale, FL 33306<br>e-mail: pmh@paulmhoffmanlaw.com<br>Phone: 954-707-5040<br>Counsel for SeaTrek Charters, Inc. | |